CV-20-24657
Fannin County - 336th District Court
Filed 12/27/2020 1:20 PM
Nancy Young
District Clerk
Fannin County, TX

Nicola Mcconnell

CAUSE NO. _____

| | | |
|---|---|---|
| **DIANE MOORE AND JAMES MOORE,** | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § § § § | |
| v. | § § § § | |
| **THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-5 AND SPECIALIZED LOAN SERVICING, LLC,** | § § § § § § § § § § § § § § | FANNIN COUNTY, TEXAS |
| *Defendants*, | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Diane Moore and James T. Moore ("Plaintiffs") to file this Original Petition and Request for Disclosures, complaining of The Bank of New York Mellon, f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-5 ("BONY") and Specialized Loan Servicing, LLC ("SLS") (Collectively "Defendants"), and would show the Court as follows:

## I. SUMMARY

1. Defendants seek to foreclose on Plaintiffs' homestead. Foreclosure is scheduled for March 3, 2020. However, Defendants failed to send a notice of acceleration as required by Texas Law before seeking foreclosure. Additionally, Defendants have abandoned their attempts at acceleration by providing reinstatement quotes in recent mortgage statements.

2. As such, Defendants do not have standing to seek judicial foreclosure of the property.

3. Defendants' judicial order authorizing foreclosure pursuant to Tex. R. Civ. P. 736 is invalid and should be vacated because Defendants did not properly accelerate the loan.

## II. PLAINTIFFS' EXHIBITS

4. The Plaintiffs attach the following exhibits with this Original Petition:

    a. Exhibit 1 – Deed of Trust

## III. DISCOVERY CONTROL PLAN

5. As required by TEX. R. CIV. P. 190.1, the Plaintiffs affirmatively plead that Discovery Control Plan Level 2 applies as the Plaintiffs seek relief aggregating more than Fifty Thousand and 0/100 Dollars ($50,000.00).

## IV. PARTIES

6. Diane and James Moore are natural persons who own and reside at the property located at 1907 Wes Hardin Circle., Bonham, Texas 75418.

7. BONY, was at all relevant times doing business in the state of Texas. BONY is a Minnesota Financial Institution with its principal place of business outside of Texas and may be served with process through its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. **Service is hereby requested.**

8. SLS was at all relevant times doing business in the state of Texas. This Defendant is a foreign entity with its principal place of business outside of Texas and may be served via the Registered Agent, United Agent Group Inc at 5444 Westheimer #1000, Houston, TX 77056. **Service is hereby requested.**

9. Service is requested by personal service for Defendants to their respective registered agents. If personal service is unsuccessful, service is requested via certified mail with return receipt.

### V. JURISDICTION AND VENUE

10. The Court has jurisdiction over Defendants because Defendants have done business in the state of Texas, including originating, servicing and/or owning loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Defendants' conducts, giving rise to the causes of action as set forth herein, occurred in whole or in part in Texas.

11. The damages sought in this action are within the jurisdictional limits of the court.

12. Fannin County is the proper venue for this case, pursuant to the mandatory venue provision under TEX. CIV. PRAC. & REM. CODE § 15.011, which states that "actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located."

### VI. FACTUAL BACKGROUND

13. Plaintiffs are natural persons who owns and resides at the property located at 1907 Wes Hardin Circle., Bonham, Texas 75418. This property is their homestead.

14. On March 24, 2005, Plaintiffs, being the owners of the Property, refinanced by obtaining a home equity loan. Plaintiffs simultaneously entered into a Home Equity Security Agreement ("Deed of Trust" or "DOT"), which details the parties' rights and obligations with regards to the lien. *See Deed of Trust, attached as Exhibit 1*.

15. Upon information and belief, SLS is the current servicer.

16. Upon information and belief, BONY is the current holder or owner of the Note.

17. Defendants seek to foreclose on the Plaintiffs' home on March 03, 2020.

18. On January 31, 2018, Defendants sent a Notice of Default to Plaintiffs.

19. A notice of Acceleration was never sent to Plaintiffs.

20. On January 28, 2019, BONY filed an Application for Expedited Order Under Rule 736, Cause No. CV-19-44022, Fannin Co., seeking an order to foreclose. In November 2019, Defendants obtained a 736 Order to Foreclose.

21. In the subsequent months following the granting of the foreclosure order, SLS has sent mortgage statements to Plaintiffs in which a reinstatement amount was provided. This is an amount less than the accelerated amount.

22. Defendants have thus abandoned any attempt at accelerating the note by offering reinstatement quotes in recent monthly mortgage statements.

## VII. CAUSES OF ACTION

**Breach of Contract**

23. To establish standing in a breach of contract action, Plaintiffs' must show either privity or third-party beneficiary status. *Brown v. Mesa Distribs.*, 414 S.W.3d 279, 284 (Tex. App.—Houston [1st Dist.] 2013, no pet.) One consideration in determining whether breach is material is the extent to which the nonbreaching [sic] party will be deprived of benefit that it could have reasonably anticipated from full performance. *E. Friedman & Assocs. v. ABC Hotel & Rest. Supply, Inc.,* 412 S.W.3d 561, 565 (Tex. App.—Amarillo 2013, no pet.). Elements of breach of contract are: (1) existence of valid contract between Plaintiffs' and Defendant; (2) Plaintiffs' performed or tendered performance under contract; (3) Defendant breached contract; and (4) Plaintiffs' was damaged as result of breach. *Holloway v. Dekkers*, 380 S.W.3d 315, 324 (Tex. App.—Fort Bend 2012, no pet.); *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015).

24. The Deed of Trust provides the Defendants' requirements for foreclosure.

25. Defendants have posted this property for foreclosure without properly accelerating the loan or abandoning any prior acceleration. Therefore, Defendants have violated the deed of trust.

26. Defendants have not met the "conditions precedent" under the "power of sale" clause in the deed of trust.

**Declaratory Judgment**

27. Defendants cannot foreclose on Plaintiffs' home because they never sent a Notice of Acceleration to Plaintiffs.

28. Defendants abandoned their attempts at acceleration by providing reinstatement balances in recent mortgage statements.

29. Before the lender can foreclose on a property, it must effectively accelerate the loan.

*Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991). Effective acceleration is evidenced by the delivery of a Notice of Default AND a Notice of Acceleration.

30. Here, even though Defendants sent a Notice of Default in January of 2018, their effective acceleration was never complete because a Notice of Acceleration was never sent.

31. Even if Defendants did accelerate the loan, they demanded an amount less than the full amount under the loan. As such, Defendants have expressed an unequivocal intent to abandon the loan's acceleration.

32. Accordingly, Plaintiffs seeks a declaration that Defendants do not have the power of sale pursuant to the deed of trust, for the scheduled foreclosure.

33. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, the Plaintiffs respectfully request that this Court issue a declaratory judgment specifying their and Defendants' rights and duties in connection with the Note.

34. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

35. Under Texas Law, "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate (notice of default), and (2) notice of acceleration." *Holy Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991). If the mortgagee intends to accelerate the maturity of the debt, the notice must *unequivocally* inform the mortgagor of the mortgagee's intention. *Id*. A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be

accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. *Id.*; *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) ("Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.").

36. No Notice of Acceleration was given to Plaintiffs as required by TEX. PROP. CODE § 51.002(d).

**Suit to Remove Cloud and Quiet Title**

37. A suit to quiet title is equitable in nature, and the principal issue in such suits is "the existence of a cloud on the title that equity will remove." *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied) (*quoting Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The quiet title remedy is available to even the "holder of the feeblest equity" in real or personal property. *Thomson v. Locke*, 1 S.W. 112, 115, 660 Tex. 383 (1886).

38. Plaintiffs are the undisputed owners of the property by virtue of the recorded deed. *See MERS v. Groves*, 2011 Tex. App. LEXIS 2696 (Tex. App.—Houston [14th Dist.] 2011).

39. Defendants have clouded Plaintiffs' title by claiming that Defendants have a lien for security purposes on Plaintiffs' property and that Defendants have the power to foreclose on said property. *See id.*

## VIII. ATTORNEY'S FEES

40. The Plaintiffs have been obliged to employ counsel to represent their interests in connection with Defendants' conduct. In that regard, the Plaintiffs employed the undersigned attorney and the Plaintiffs are obligated to pay such attorney's reasonable fees for the services necessarily rendered on their behalf.

## IX. AMOUNT IN CONTROVERSY

41. Plaintiffs seek only monetary relief of $74,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## X. STATEMENT PURSUANT TO TEX. R. CIV. P. 47

42. Damages sought are within the jurisdictional limits of the court. Monetary relief sought is less than $100,000.00. Plaintiffs also seek non-monetary relief.

## XI. CONDITIONS PRECEDENT

43. All conditions precedent to the Plaintiffs claims for relief have been performed or have occurred.

## XII. REQUESTS FOR DISCLOSURES

44. Pursuant to TEX. R. CIV. P. 194, Defendants are requested to disclose on or before fifty (50) days after service of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), and (i) of TEX. R. CIV. P.

## XIII. DEMAND FOR JURY TRIAL

45. Pursuant to TEX. R. CIV. P. 216, the Plaintiffs hereby demand a jury trial and will tender the requisite fee as required prior to trial.

## XIV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and the following order be entered:

a. An order that any claim by Defendants in connection with the Home Equity Note and Security Instrument be removed from the title to the property made the subject of this litigation, and quieting title in the Plaintiffs' names;

b. An order that awards the following relief:

   i. Actual damages;
   ii. Statutory damages where applicable;
   iii. Treble damages where applicable;
   iv. Exemplary damages where applicable;
   v. Reasonable and necessary attorneys' fees;
   vi. Prejudgment and post-judgment interest;
   vii. Costs of suit to be taxed against Defendants; and
   viii. All other relief, in law and in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted this 27th day of February 2020,

By: /s/ Robert C. Lane
Robert "Chip" C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
joshua.gordon@lanelaw.com
Tyler L. Basham
State Bar No. 24100902
tyler.basham@lanelaw.com
**THE LANE LAW FIRM, P.L.L.C.**
6200 Savoy, Suite 1150
Houston, Texas 77036
Telephone: (713) 595-8200
Facsimile: (713) 595-8201
**ATTORNEYS FOR PLAINTIFFS**